IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00624-BNB


WAYNE GLASSER,

     Plaintiff,

v.

CAROLE KING, RN,
MICHAEL WALSH, PA,
LT. JAMES HARDING,
LYNN ERICKSON, HSA,
TOM CLEMENTS, Executive Director,
RAE TIMME, Warden,
RON WAGER, Associate Warden,
MAJ. TREVORS FILER,
LT. DAMIAN McDOUGAL,
ANTHONY DeCESARO,
COLORADO DEPARTMENT OF CORRECTIONS,
MICHAEL HANSA, MD, Deceased, Through Surviving Spouse and Successor,
     WEERA-ANONG HANSA,
STEPHEN MACKERROW, MD,
PUEBLO CARDIOLOGY ASSOCIATES, PC,
STEPHEN R. KREBS, MD, and
CORRECTIONAL HEALTH PARTNERS,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Wayne Glasser, is a prisoner in the custody of the Colorado Department

of Corrections.  He currently is incarcerated at the Fremont Correctional Facility in

Cañon City, Colorado.  Mr. Glasser, acting *pro se*, initiated this action by filing a

Prisoner Complaint pursuant to 28 U.S.C. §§ 1332, 1343, and 1367(a) and 42 U.S.C.

§ 1983, alleging that his rights under the United States Constitution have been violated.

The Court construes the Complaint liberally because Mr. Glasser is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a district judge and a magistrate judge.

Overall, Mr. Glasser asserts he was denied adequate medical treatment when he suffered a heart attack on March 26, 2010, and his incoming mail is being defaced or denied. He seeks prospective injunctive relief and money damages.

 The Colorado Department of Corrections will be dismissed for the following reasons. Any claim against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment. *See Will v. Michigan Dep ' t of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Mr. Glasser must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Defendant Colorado Department of Corrections, therefore, is an improper party to this action and

2

will be dismissed.

The medical and mail claims asserted against remaining Defendants will be drawn to a district judge and a magistrate judge.  Accordingly, it is

ORDERED that Defendant Colorado Department of Corrections is dismissed as an improper party to this action.  It is

FURTHER ORDERED that the Complaint as asserted against remaining Defendants shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Mr. Glasser's Objection to Order Directing the Plaintiff to Cure Deficiencies, Doc. No. 6, is denied as moot given the Court has reviewed the April 16, 2012 Complaint and ordered the Complaint drawn to a district judge for further review on the merits.

DATED at Denver, Colorado, this   19th   day of     April          , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court