IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00624-WYD-CBS

WAYNE GLASSER,
        Plaintiff,
v.

CAROLE KING, RN,
MICHAEL WALSH, PA,
LT. JAMES HARDING,
LYNN ERICKSON,
MICHAEL HANSA, MD, Deceased, through Surviving Spouse and Successor, WEERA-
ANONG HANSA,
STEPHEN MACKERROW, MD, and
PUEBLO CARDIOLOGY ASSOCIATES, PC,
        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Mr. Glasser's "Motion to Amend Order

Dismissing Defendant Colorado Department of Corrections Pursuant to F.R.C.P. Rule 59(e)"

(filed May 16, 2012) (Doc. # 22).  Pursuant to the Order of Reference dated April 20, 2012

(Doc. # 12) and the memorandum dated May 16, 2012 (Doc. # 23), this matter was referred

to the Magistrate Judge.  Defendants did not file any response to the Motion.  The court has

reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in

the premises.

        Mr. Glasser is currently incarcerated at the Colorado Department of Corrections

Fremont Correctional Facility ("FCF") in Cañon City, Colorado, serving a 30-year sentence for

aggravated first degree sexual assault and second degree kidnaping.  *See People v.*

*Glasser*, No. 09CA0514, 2011 WL 1168286, at * 1 (Colo. App. March 31, 2011).  Mr.

Glasser's Second Amended Complaint ("SAC"), accepted for filing on September 5, 2012,

alleges jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367(a), and 42 U.S.C. § 1983.  Mr. Glasser alleges five state law tort claims and two claims for deliberate indifference to his serious medical needs in violation of his rights under the United States Constitution.  (*See* SAC (Doc. # 98)).  Mr. Glasser alleges that he was denied adequate medical treatment when he suffered a heart attack on March 26, 2010.  He seeks money damages.  (*See* Doc. # 98 at 28-29 of 29).

On April 19, 2012, District Judge Babcock dismissed the Colorado Department of Corrections from the case.  (*See* "Order to Dismiss in Part and to Draw in Part to District Judge and Magistrate Judge" (Doc. # 9).  Judge Babcock determined that "[a]ny claim against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment."  (*See id.*).  Mr. Glasser moves pursuant to Fed. R. Civ. P. 59(e) for the court "to amend its Order dated April 19, 2012."  (*See* Doc. # 22).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).

The April 19, 2012 Order that Mr. Glasser seeks to amend does not yet constitute an adverse judgment.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, . . . any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  Even if

the court considers Mr. Glasser's Motion pursuant to Rule 59(e) because the Motion was

filed within twenty-eight days after the April 19, 2012 Order was entered and the Motion

relates to that Order, *see Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider

filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should

be construed as a Rule 59(e) motion), the court finds that Mr. Glasser fails to set forth a

proper basis for relief under Rule 59(e).

There are three grounds that justify reconsideration under Rule 59(e): "(1) an

intervening change in the controlling law, (2) new evidence previously unavailable, and (3)

the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*,

204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not a new opportunity to revisit

issues already addressed or to advance arguments that could have been raised previously.

*See id.*

Mr. Glasser provides no newly promulgated authority, no new evidence, and no clear

error or manifest injustice that warrants reconsideration of the April 19, 2012 Order. Mr.

Glasser simply contends that the court was wrong in dismissing the Colorado Department of

Corrections from his Amended Complaint. A disagreement with the court and a mere

request that a court rethink a decision it has already made are improper bases for relief

under Rule 59(e). *See id.* Mr. Glasser argues that the Eleventh Amendment does not bar

state law tort claims against the Colorado Department of Corrections. (*See* Doc. # 22 at 1-3

of 4). Mr. Glasser appears to confuse Eleventh Amendment immunity under federal law with

sovereign immunity under state law. Further, after the April 19, 2012 Order and his Motion

were filed, Mr. Glasser filed his SAC, which does not allege any state law tort claims against

the Colorado Department of Corrections. An amended pleading supersedes the original

pleading, rendering it of no legal effect and waiving all causes of action alleged in the original

complaint but not alleged or incorporated into the amended pleading.  See *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted);  6  Fed. Prac. & Proc. Civ.  § 1476 (3d ed.) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").  And while the Eleventh Amendment does not bar a federal court action so long as a plaintiff seeks only prospective relief and not retrospective relief for alleged violations of federal law, *see Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 266-67 (1997), Mr. Glasser does not seek injunctive relief in the SAC.

Accordingly, IT IS RECOMMENDED that Mr. Glasser's "Motion to Amend Order Dismissing Defendant Colorado Department of Corrections Pursuant to F.R.C.P. Rule 59(e)" (filed May 16, 2012) (Doc. # 22) be DENIED.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d

1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 8th day of November, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge