IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00624-WYD-CBS

WAYNE GLASSER,

    Plaintiff,

v.

CAROLE KING, R.N.;
MICHAEL WALSH, P.A.;
LT. JAMES HARDING;
LYNN ERICKSON, H.S.A.;
MICHAEL HANSA, M.D., deceased, through surviving spouse and successor, WEERA-
    ANONG HANSA;
STEPHEN MACKERROW, M.D.; and,
PUEBLO CARDIOLOGY ASSOCIATES, P.C.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    THIS MATTER is before the Court in connection with plaintiff, Wayne Glasser's, Motion To Amend Order Dismissing Defendant Colorado Department Of Corrections Pursuant to F.R.C.P. Rule 59(e) [ECF No. 22], filed on May 16, 2012.  Because Glasser proceeds *pro se*, I referred all motions to Magistrate Judge Shaffer [ECF No. 12].  On November 8, 2012, Magistrate Judge Shaffer issued a Recommendation [ECF No. 101] stating that Glasser's motion [ECF No. 22] should be denied.  The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

- 2 -

## BACKGROUND

Plaintiff, Wayne Glasser, is an inmate at Fremont Correctional Facility ("FCF") in Canon City, Colorado. On March 26, 2010, Glasser returned from the recreational yard after running five miles and complained *inter alia*, of chest pain and numbness in his triceps. FCF's medical staff administered an electrocardiogram ("EKG") to Glasser. The EKG results indicated Glasser was experiencing a heart attack. FCF's medical staff gave Glasser a shot of nitroglycerin and dispatched an ambulance. The ambulance drove Glasser to St. Thomas More Hospital in Canon City, Colorado, and Glasser was subsequently airlifted to Parkview Medical Center in Pueblo, Colorado, where he underwent surgery to restore blood flow to his left anterior descending artery. Glasser sustained permanent myocardial damage and suffers from complications as a result of the heart attack.

On March 12, 2012, Glasser filed this suit under 42 U.S.C. § 1983 against the Colorado Department of Corrections ("CDC") and other defendants, alleging his injuries are the direct result of the defendants' failure to provide him adequate medical care and treatment [ECF No. 1]. Glasser filed an Amended Complaint on April 17, 2012, [ECF No. 7].[1] On April 19, 2012, Judge Babcock of the United States District Court for the District of Colorado, issued an Order dismissing the CDC as an improper party to this action pursuant to immunity granted to the state of Colorado under the Eleventh Amendment to the Constitution of the United States [ECF No. 9, p. 2, ¶¶3 & 4]. On May 16, 2012, Glasser filed a Motion To Amend Order Dismissing Defendant Colorado Department Of Corrections Pursuant to F.R.C.P. Rule 59(e) [ECF No. 22], arguing that the state of Colorado "has in fact waived it's immunity from liability for his claims in

---

[1] Glasser filed a Second Amended Complaint on September 5, 2012 [ECF No. 98].

Counts 8 and 9 of his amended complaint." ECF No. 22, p. 3, ¶ 2.  On November 8, 2012, Magistrate Judge Shaffer issued a Recommendation [ECF No. 101] stating that Glasser's motion should be denied because he fails present any ground for reconsideration under FED. R. CIV. P. 59(e).  On November 23, 2012, Glasser filed his Objection To Proposed Findings And Recommendations Of Magistrate Judge [ECF No. 103].

## ANALYSIS

### A. Legal Standard

Because Glasser filed an objection to Magistrate Judge Shaffer's Recommendation [ECF No. 103], I must review "de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); see 28 U.S.C. § 636(b)(1)(C).  I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).  Further, I am given discretion whether to "accept, reject, or modify" the recommended disposition made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); see 28 U.S.C. § 636(b)(1)(C).

### B. Glasser's Objection to Magistrate Judge Shaffer's Report and Recommendation [ECF No. 103]

Glasser objects to Magistrate Judge Shaffer's recommendation that reconsideration of Judge Babcock's April 19, 2012, Order is unwarranted.  "Grounds warranting a motion to reconsider [pursuant to FED. R. CIV. P. 59(e)] include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Glasser argues that Judge Babcock's

April 19, 2012, Order dismissing the CDC constitutes clear error, and therefore reconsideration is proper.

Judge Babcock dismissed the CDC pursuant to Eleventh Amendment immunity. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Jones v. Courtney*, 446 Fed. Appx. 696, 698 (10th Cir. 2012). "While the amendment's literal terms bar only federal-court lawsuits against a State by 'Citizens of *another* [sic] State' or by foreigners, U.S. Const. amend. XI (emphasis added), it has long been established that a State's own citizens are likewise prohibited from hailing the State into federal court." *Id.* (citations omitted). However, immunity under the Eleventh Amendment is not absolute. There are three exceptions.

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted). Regarding waiver, the Supreme Court of the United States has held that "a State will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303, 1315 (10th Cir. 2012) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985)). Whether a state has waived its Eleventh

Amendment immunity is a matter of federal law. *Id.*

Colorado has not waived its Eleventh Amendment immunity and neither of the remaining exceptions to Eleventh Amendment immunity applies. *Hunt v. Colo. Dep't of Corr.*, 271 Fed. Appx. 778, 781 (10th Cir. 2008) (citing *Greiss v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988)) ("and the CDOC [Colorado Department of Corrections] is an agency of the State of Colorado that has not expressly waived its sovereign immunity"); *Hodson v. Dist. Court*, 2012 U.S. Dist. LEXIS 158897, *3 (D. Colo. 11/6/12) ("The State of Colorado has not waived its Eleventh Amendment immunity").  Thus, reviewing Glasser's objection to Magistrate Judge Shaffer's Recommendation [ECF No. 22] *de novo*, I find that Judge Babcock's April 19, 2012, Order dismissing the CDC on Eleventh Amendment immunity grounds does not constitute clear error.  Further, upon review of Magistrate Judge Shaffer's Recommendation [ECF No. 101], I find that the recommendation is thorough and well-reasoned, and I agree that Glasser's motion should be denied.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Magistrate Judge Shaffer's Recommendation [ECF No. 101] is **AFFIRMED** and **ADOPTED**.  It is

FURTHER ORDERED that Glasser's Objection To Proposed Findings And Recommendations Of Magistrate Judge [ECF No. 103] is **OVERRULED**.  It is

FURTHER ORDERED that Glasser's Motion To Amend Order Dismissing Defendant Colorado Department Of Corrections Pursuant to F.R.C.P. Rule 59(e) [ECF No. 22] is **DENIED**.

Dated:  January 22, 2013.

                        BY THE COURT:

                        <u>s/ Wiley Y. Daniel</u>
                        Wiley Y. Daniel
                        Senior U. S. District Judge