IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| Civil Action: 12-cv-00624-WYD-CBS | FTR - Reporter Deck - Courtroom A402 |
| Date: August 8, 2013 | Courtroom Deputy: Courtni Covington |

*Parties:* *Counsel:*

WAYNE GLASSER, *Pro Se (appearing by telephone)*

    Plaintiff,

v.

CAROLE KING, *et al.,*     Kathryn Anne Teresa Starnella
    Michael Alan Watts

    Defendants.

---

### COURTROOM MINUTES/MINUTE ORDER

**HEARING: STATUS CONFERENCE**
**Court in session: 9:36 a.m.**
Court calls case. Appearances of *pro se* Plaintiff and counsel for Defendants.

The court addresses the parties regarding **Defendant Stephen Mackerrow, M.D. and Pueblo Cardiology Associates, P.C.'s MOTION for Protective Order** [Doc. No. 152, filed 6/19/2013].

Discussion between the court and Mr. Glasser regarding the pending motion. Plaintiff states he will withdraw Interrogatory No. 4. The parties agree that no costs or fees will be at issue related to the Motion for Protective Order, Document No. 152.

**ORDERED:**     In light of Plaintiff's withdrawal of Interrogatory No. 4, Defendant Stephen Mackerrow, M.D. and Pueblo Cardiology Associates, P.C.'s MOTION for Protective Order [Doc. No. 152, filed 6/19/2013] is **DENIED AS MOOT**.

The court moves next to **Colorado Department of Corrections' MOTION for Protective Order or Modification of Court-Issued Subpoena Duces Tecum** [Doc. No. 155, filed 6/25/2013].
The parties state they are in agreement with respect to the request for the Policies and Procedures

in question. Discussion between the court and the parties regarding grievances against Defendants Walsh and King and the Department of Corrections' procedures related to how they maintain and ability of searching those grievances.

Discussion between the court and Ms. Starnella regarding the burden being placed on the non-party Colorado Department of Corrections to search and review the grievances and whether that burden is undue. The court states is sympathetic to the burden placed on the non-party but notes that the non-party is the only source for Plaintiff to obtain certain information.

> **ORDERED:** The Colorado Department of Corrections shall review the 46 grievances identifying Walsh as a respondent and determine if they are responsive. The CDOC shall also conduct a new search related to Defendant King which includes the three Nurse Level IIIs as discussed on the record. The CDOC will then file a supplemental affidavit indicating their findings.

The court makes clear that if a grievance was directed towards the work or actions of someone besides Defendants Walsh or King, it would not be considered responsive.

Ms. Starnella notes that the grievances that are provided, if any, will be redacted.

Discussion between the court and Mr. Glasser regarding the time period being searched and clarification regarding what Mr. Glasser is requesting. Mr. Glasser clarifies that he would like the search to also include the time period of January 1, 2009 through December 31, 2010, to include the time period after his medical incident.

Discussion between the court and Ms. Starnella if the expanded parameters of the search will increase the burden placed on the non-party conducting the search and whether the conduct after Mr. Glasser's incident is relevant to the claims at issue.

> **ORDERED:** The court will **HOLD IN ABEYANCE** the Colorado Department of Corrections' MOTION for Protective Order or Modification of Court-Issued Subpoena Duces Tecum [Doc. No. 155, filed 6/25/2013] to the extent the DOC wants to provide a supplemental affidavit. The supplemental affidavit must be filed **within 10 calendar days of today's date**. Mr. Glasser's response is due **10 days after** the day Defendants' supplemental affidavit is served on him.

The court addresses Mr. Glasser regarding **Plaintiff's MOTION for Extensions of Time to Respond to State Defendants' Discovery Requests** [Doc. No. 177, filed 7/26/2013].

Discussion regarding why an additional 21 days to respond is needed by Plaintiff. The court notes Mr. Glasser is only required to respond with the information he currently has access to, but that he must supplement his responses at a later time based on additional information.

> **ORDERED:** Plaintiff's MOTION for Extensions of Time to Respond to State Defendants' Discovery Requests [Doc. No. 177, filed 7/26/2013] is

**DENIED** to the extent that it seeks an extension of time to file a protective order. Plaintiff shall serve his responses to outstanding discovery **no later than August 16, 2013.**

Discussion regarding **Plaintiff's MOTION for Court-Issued Subpoena Duces Tecum** [Doc. No. 180, filed 7/29/2013].

Clarification regarding what Plaintiff is requesting and his ability to obtain documents related to a subscription service by the Colorado Department of Corrections. Ms. Starnella states she believes the issue could be related to copyright.

**ORDERED:** Ms. Starnella shall respond to the Motion **no later than August 16, 2013**, either indicating the Motion is moot because they will voluntarily produce the document, or the information cannot be disclosed and Plaintiff can only obtain it directly from Milliman. If it cannot be voluntarily produced, Ms. Starnella should also indicate whether the Motion for Subpoena is opposed or unopposed.

The court addresses the parties regarding **Defendants Stephen Mackerrow, M.D. and Pueblo Cardiology Associates, P.C.'s MOTION for Summary Judgment** [Doc. No. 134, filed 5/14/2013].

Discussion regarding the setting of a response deadline to the Motion, the setting of discovery deadlines in the case, and expert reports.

**ORDERED:** Plaintiff shall disclose his experts **no later than August 30, 2013**. Defendants shall disclose their experts **no later than October 11, 2013**.

**ORDERED:** Plaintiff is to respond to the pending Motion for Summary Judgment **no later than September 16, 2013.**

The court clarifies that Plaintiff shall not contact the Department of Corrections directly but needs to understand that they are represented by Ms. Starnella and that is the person he should contact.

HEARING CONCLUDED.
**Court in recess**:   **10:44 a.m.**
Total time in court:   01:08