IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | | |
|---|---|---|
| Civil Action: | 12-cv-00624-WYD-CBS | FTR - Reporter Deck - Courtroom A402 |
| Date: | September 23, 2013 | Courtroom Deputy:  Courtni Covington |

*Parties:*  

WAYNE GLASSER,

    Plaintiff,

v.

CAROLE KING, *et al.,*

    Defendants.

*Counsel:*

*Pro Se (appearing by telephone)*



Kathryn Anne Teresa Starnella
Michael Alan Watts

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING: STATUS CONFERENCE**
**Court in session:  2:32 p.m.**
Court calls case. Appearances of *pro se* Plaintiff and counsel for Defendants.

The court addresses the parties regarding the seven pending motions before the court.

The court begins with **Plaintiff's MOTION for In Camera Review** [Doc. No. 198].

Discussion between the court and Plaintiff regarding the documents in question being heavily redacted. The court notes it has already reviewed the *CDOC Clinical Standards and Procedures - Medical Emergencies and Emergency Procedures* being requested and the redactions were appropriate. Ms. Starnella states she will submit copies of the other two documents to the court for review.

**ORDERED:**     Plaintiff's Motion for In Camera Review [Doc. No. 198, filed 9/17/2013] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** to the extent it seeks in camera review of the Clinical Standards and Procedures as it has already been evaluated by the court. The Motion is **GRANTED** to the extent that the court will require the Colorado Department of Corrections to submit a redacted and un-redacted version of the *Weekly Duty Officer's Observation Form* and *Hospital*

*Escort Log* for in camera review by the court **no later than September 27, 2013**.

The court moves next to **Plaintiff's MOTION for Order re: The Taking of Depositions** [Doc. No. 195].

Discussion between the court and Plaintiff regarding how depositions would be taken and what equipment would be used.  The court notes it does not have legal authority to order the use of that equipment and it is Plaintiff's responsibility to retain a court reporter and conduct depositions.

**ORDERED:** For the reasons stated on the record, **Plaintiff's MOTION for Order re: The Taking of Depositions** [Doc. No. 195, filed 9/3/2013] is **DENIED**.

The court moves on to **Plaintiff's MOTION to Compel Discovery and for Extension of Time to File Expert Disclosures** [Doc. No. 191].

Discussion between the court and Mr. Glasser regarding what he is seeking to compel.  Ms. Starnella addresses their objections to Plaintiff's interrogatories in question.  Mr. Glasser states he has still been unable to obtain permission from the warden to sign contracts with his expert witnesses.

**ORDERED:** The court will require Ms. Starnella to file a Status Report indicating if Mr. Glasser has obtained permission to sign the contracts.  If the warden has not given Mr. Glasser permission, the court will set the matter for a hearing and the warden will be required to physically appear.

Discussion regarding further documents Mr. Glasser is requesting and three correctional officers he would like to depose.  The court suggests Mr. Glasser address the procedures of conducting depositions from prison with his case manager.  Mr. Glasser is requesting a copy of the shift report/shift log dated 3/26/2010 and a states a sign in log from Medical on 3/26/2010 was provided, but is difficult to read.

**ORDERED:** For the reasons stated on the record, **Plaintiff's MOTION to Compel Discovery and for Extension of Time to File Expert Disclosures** [Doc. No. 191, filed 8/30/2013] is **GRANTED**.

All remaining fact discovery shall be completed **no later than October 18, 2013.**  Expert reports shall be submitted **no later than November 22, 2013.**  Rebuttal expert reports shall be submitted by **December 22, 2013.**  Dispositive Motions shall be filed **no later than January 21, 2014.**

The court will require answers to two interrogatories in question be submitted to the court for review.

The court will require production of the shift report/shift log or declaration

>that it has been produced.
>
>The court will require the Medical department to provide as legible a copy of the sign in sheet as possible.

The court moves next to **Plaintiff's MOTION to Compel Discovery Responses** [Doc. No. 187].

The court notes the discovery issues are in relation to Interrogatory Numbers 1, 2, and 5, and Requests for Production Numbers 1 and 2.  The court also notes it will issue an Order to Show Cause as to why Defendant Hansa and/or his spouse should not be dismissed as a party as service has not been effected.

Discussion between the court and the parties regarding the discovery issues.  Based on Defense counsel's representations that a reasonable investigation has been completed, there is nothing the court can compel in regards to Interrogatory Numbers 1 and 2.  The court will deny Plaintiff's request to compel Interrogatory Number 5 as it finds that irrelevant information is being sought.

Plaintiff states Request for Production Number 1 has been resolved. Discussion regarding Request for Production Number 2.

> **ORDERED:** For the reasons stated on the record, **Plaintiff's MOTION to Compel Discovery Responses** [Doc. No. 187, filed 8/22/2013] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **GRANTED** to the limited extent the court will ask Pueblo Cardiology to contact the Colorado Department of Corrections and Physician Health Partners to obtain any responsive documents they have right to obtain and **DENIED** in all other respects.

Counsel for Defendants state they have no objection to Plaintiff's request for Subpoenas as requested in his **MOTION for Court-Issued Subpoena Duces Tecum** [Doc. No. 180].

> **ORDERED:** The unopposed **MOTION for Court-Issued Subpoena Duces Tecum** [Doc. No. 180, filed 7/29/2013] is **GRANTED**.

The court moves next to **Colorado Department of Corrections' MOTION for Protective Order or Modification of Court-Issued Subpoena Duces Tecum** [Doc. No. 155].

Discussion regarding the grievances that have been reviewed by the Colorado Department of Corrections.  Defense counsel states no grievances in relation to Defendant Walsh were responsive.  In regards to Defendant King, counsel notifies the court that there are 219 grievances to be reviewed, which will take 73 hours.  The court finds 73 hours of review unduly burdensome and suggests narrowing the scope of the search.

> **ORDERED:** **Colorado Department of Corrections' MOTION for Protective Order or Modification of Court-Issued Subpoena Duces Tecum** [Doc. No.

155, filed June 25, 2013] is **GRANTED IN PART** and **DENIED IN PART**. The court will require the Colorado Department of Corrections to search the time period between October 1, 2009 through March 26, 2010. A status report indicating the results of the previously described search shall be submitted to the court **no later than October 15, 2013**.

The court notes that if Defendant King is the subject of countless responsive grievances, it may require a search of a wider time period.

The court addresses the parties regarding **Defendants Stephen Mackerrow, M.D. and Pueblo Cardiology Associates, P.C.'s MOTION for Summary Judgment** [Doc. No. 134].

Defense counsel states he will submit the Motion on the papers.

Discussion between the court and Plaintiff regarding his response to the Motion to Dismiss and the Federal Rules of Evidence.

The court states it will consider the Motion fully briefed and will issue a written order.

Ms. Starnella makes an oral Motion to Compel Plaintiff to furnish complete responses to the document requests tendered. Discussion between the court and the parties regarding copying limitations Mr. Glasser states that apply at his prison facility.

The court suggests Defense counsel file a Motion to Compel and attach an affidavit of the librarian regarding the facility's copying policy.

Mr. Glasser raises further pending discovery issues which were previously sent to Defense counsel. Ms. Starnella states she is unaware of receiving those requests. The court suggests Plaintiff attempt again to receive answers and if unsuccessful, file a motion to compel.

HEARING CONCLUDED.
**Court in recess**:     4:25 p.m.
Total time in court:    01:53