IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| Civil Action:   12-cv-00624-WYD-CBS | FTR - Reporter Deck - Courtroom A402 |
| Date:              October 31, 2013 | Courtroom Deputy:    Courtni Covington |

*Parties:*

WAYNE GLASSER,

    Plaintiff,

v.

CAROLE KING, *et al.,*

    Defendants.

*Counsel:*

*Pro Se (appearing by telephone)*

Jacob D. Massee
Michael A. Watts *(appearing by telephone)*

### COURTROOM MINUTES/MINUTE ORDER

**HEARING:   STATUS CONFERENCE**
**Court in session:      1:35 p.m.**
Court calls case.  Appearances of *pro se* Plaintiff and counsel for Defendants.

The court addresses the parties regarding **Defendants Stephen Mackerrow, MD and Pueblo Cardiology Associates, PC's Motion for Enlargement of Time to Complete Fact Discovery** [Doc. No. 216] and **Plaintiff's Notice of Depositions and Request for Court Issued Subpoenas** [Doc. No. 219].

Discussion between the court and the parties regarding an extension of deadlines and the discovery that will be pursued during that time.  Plaintiff has no objection to an extension of time.

**ORDERED:**     Defendants' Motion for Enlargement of Time to Complete Fact Discovery [Doc. No. 216, filed 10/18/2013] is **GRANTED**.

    The deadline for fact discovery is extended to **January 1, 2014**.  Affirmative experts must be designated no later than **February 1, 2014** and rebuttal experts must be designated no later than **March 1, 2014.**  The discovery cut-off deadline for experts is extended to **April 1, 2014.**  Dispositive motions shall be filed no later than **April 18, 2014**.

Discussion between the court and the parties regarding the scheduling of depositions.

**ORDERED:** A Telephonic Status Conference is set for **November 12, 2013 at 11:30 a.m.** to advise the court that all logistical issues have been resolved and the depositions have been scheduled. Mr. Glasser and/or his case manager shall arrange for his participation in the hearing via telephone by calling 303-844-2117 at the scheduled time.

The parties are directed to coordinate to the fullest possible extent so that the depositions go forward efficiently, so the deponents get adequate notice, and so that any logistical or administrative hurdles are overcome.

**ORDERED:** Plaintiff's Notice of Depositions and Request for Court Issued Subpoenas [Doc. No. 219, filed 10/21/2013] is **DENIED without prejudice**.

The court notes Plaintiff may advise the parties and the court of who he would like to depose at the scheduled Status Conference.

The court moves next to **Plaintiff's Motion for Order of Production and Protective Order** [Doc. No. 225] and notes that although no Responses have been filed, it would like to address the issue with the parties.

**ORDERED:** Plaintiff's Motion for Order of Production and Protective Order [Doc. No. 225, filed 10/28/2013] is **GRANTED**. The court shall issue an order directing the CDOC to produce the requested Milliman Care Guidelines. It is noted that the Guidelines are provided to Plaintiff for the limited purpose of this litigation and may not be used for any other purpose.

Mr. Massee shall draft a proposed protective order which should be submitted to the court **no later than Monday, November 4, 2013.**

The court clarifies that only the Guidelines with respect to cardiac arrest shall be produced.

The court reviews **Defendants Mackerrow and Pueblo Cardiology Associates, P.C.'s Motion for Summary Judgment** [Doc. No. 134] and notes the Motion is premature and inefficient. Discussion regarding the court's intention to issue a Recommendation that the Motion be dismissed and its proposal that it be withdrawn.

Mr. Watts makes an oral Motion to withdraw its Motion for Summary Judgment fully reserving its right to re-file at a later time.

**ORDERED:** Defense counsel's oral Motion to Withdraw Doc. No. 134 is **GRANTED**.

Defendants' Motion to Dismiss [Doc. No. 134, filed 5/14/2013] is **WITHDRAWN**.

The court addresses the parties regarding **Plaintiff's Motion to Compel Appropriate Answers to Requests for Admission from Defendant Michael Walsh, PA** [Doc. No. 221] . The court notes that Defendant Walsh has not had an opportunity to respond but would like to determine a more efficient approach if possible.

Discussion held regarding the purpose of Requests for Admissions as a discovery tool. The court proposes Plaintiff defer serving of the Requests for Admissions in question until the deposition currently set for November is taken and then make an informed decision if a Request for Admission will be the most efficient means to obtain the information sought.

Plaintiff agrees with the court's proposal and requests to withdraw the current Motion.

**ORDERED:** Plaintiff's Motion to Compel [Doc. No. 221, filed 10/25/2013] is **WITHDRAWN**.

Plaintiff requests a current copy of the docket sheet be sent to him.

**ORDERED:** A current copy of the docket sheet for this case shall be included with this Courtroom Minutes/Minute Order mailed to Plaintiff.

Discussion between the court and Plaintiff regarding Defendant Hansa and the Order to Show Cause. The court notes service was unsuccessfully attempted twice on Defendant Hansa's wife at the address provided.

The court states its intention to issue a Recommendation to Judge Daniel that Defendant Hansa should be dismissed as a party to this action.

Discussion between the court and Plaintiff regarding clarification of the logs received by the court for in camera review and any logs Plaintiff is still seeking which have not been produced. The court proposes Plaintiff continue the conversation with counsel after the conclusion of today's hearing to resolve any issues with respect to information logs being sought.

Mr. Massee advises the court that he is currently working with Plaintiff and his prison facility regarding resolving an issue related to copy limitations.

HEARING CONCLUDED.
**Court in recess**: **2:50 p.m.**
Total time in court: 01:15