IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00624-WYD-CBS

WAYNE GLASSER,
    Plaintiff,
v.

CAROLE KING, RN,
MICHAEL WALSH, PA,
LT. JAMES HARDING,
MICHAEL HANSA, MD, Deceased, through surviving spouse and successor,
  WEERA-ANONG HANSA,
STEPHEN MACKERROW, MD, and
PUEBLO CARDIOLOGY ASSOCIATES, PC,
    Defendants.
_____

**PROTECTIVE ORDER**
_____

Pursuant to the agreement of the parties at the October 31, 2013 Status Conference, the Court hereby Orders as follows:

1.     This Protective Order shall apply to the relevant "Milliman Care Guidelines" pertaining to myocardial infarction produced by Defendants Michael Walsh and Carole King (the "subject documents"), and any other documents produced in association with or regarding the said "Milliman Care Guidelines."

2.     As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Production, receipt and use of the subject documents shall be subject to the following restrictions. The subject documents shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

    (a)     attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties and designated representatives of the Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

(h) and other persons by written agreement of the parties who execute the attached Exhibit A.

4. None of the subject documents shall be disclosed to anyone other than the named parties in this litigation or their counsel until said person first signs an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any of the subject guidelines to any person listed in paragraph 3 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

5. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any

other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

6. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. The documents produced pursuant to this Protective Order will be water-marked for identification. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

7. *Pro se* parties and counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. *Pro se* parties and counsel to the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients and/or associates as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

8. Whenever a deposition involves the disclosure of the subject documents, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

9. A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. At the conclusion of this case, unless other arrangements are agreed upon, each of the subject documents and all copies thereof shall be returned to counsel for Defendants Walsh and King, or the parties may elect to destroy confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction. All of the subject documents shall be maintained as Confidential until they have been returned or destroyed.

11. None of the subject documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion. A party contemplating filing subject documents protected by this Protective Order with the Court must comply with the requirements of D.C.Colo.LCiv.R. 7.2 with respect to any submissions of Confidential Materials designated pursuant to this Protective Order. All Confidential Materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated this 5th day of November, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge