IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00624-WYD-CBS

WAYNE GLASSER,

    Plaintiff,

v.

CAROLE KING, RN,
MICHAEL WALSH, PA,
LT. JAMES HARDING,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.   <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants Carol King, RN, Michael Walsh, PA, and Lieutenant James Harding's ("Defendants") Motion for Summary Judgment (ECF No. 280), filed May 16, 2014.   The motion was referred to Magistrate Judge Craig Shaffer for a Recommendation by Order of Reference (ECF No. 282).   Magistrate Judge Shaffer issued a Recommendation (ECF No. 298) on January 14, 2015, that the above referenced motion be granted in part and denied in part.   Magistrate Judge Shaffer recommended therein that the motion should be granted as to Plaintiff's state law claims and to any claims pertaining to Defendant Harding.   Magistrate Judge Shaffer recommended that the motion should be denied as to the qualified immunity claims of Defendants King and Walsh.   Magistrate Judge Shaffer further recommended that Defendant Dr. Michael Hansa deceased, through his surviving spouse and successor,

Weera-Anong Hansa, be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Shaffer advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. On January 26, 2015, the Court granted the parties' motions (ECF Nos. 299 and 300) for an extension of time to file objections, until February 27, 2015. Plaintiff Wayne Glasser, *pro se*,[1] filed an objection (ECF No. 302) on February 25, 2012, and Defendants filed an objection (ECF No. 303) on February 27, 2015. This necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). On March 17, 2015, the Court granted Plaintiff's motion (ECF No. 304) for an extension of time to file a response to Defendants' objection, until March 25, 2015. Plaintiff did not file a response on or before that date. For the reasons stated below, Magistrate Judge Shaffer's Recommendation is affirmed and adopted.

II.   BACKGROUND

Plaintiff is a prisoner incarcerated at the Fremont Correctional Facility ("FCF") in Carson City, Colorado. Plaintiff asserts that Defendants failed to provide adequate medical treatment for his serious medical condition on March 26, 2010 despite having knowledge that he may have been experiencing a heart attack. The Recommendation

---

[1] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, it is improper for the Court to serve as an advocate for a pro se litigant. *Id.*

contains a thorough summary of Plaintiff's claims that I will not recite. *See* ECF No. 298, pp. 2 - 6.

III. OBJECTIONS

    a. Plaintiff's Objection

Plaintiff argues in his objection that the Recommendation incorrectly interprets the Colorado Government Immunity Act ("CGIA") as it pertains to this case. Plaintiff initially clarifies in his objection that he "has abandoned his state law tort claims that the actions of Defendants King and Walsh were intentional, or that their conduct was outrageous." ECF No. 302, p. 2. He contends that "[h]is tort claims consist only of simple negligence in their performance as medical professionals and negligent infliction of emotional distress." *Id.* Finally, Plaintiff clarifies that "he does not assert that their actions are willful and wonton . . . ." *Id.* Plaintiff then asserts that the Recommendation slightly misstates his argument, which he states is more accurately summarized as "(1) his claim should go forward pursuant to the statutory waiver of immunity found in Colo.Rev.Stat.Ann. § 24-10-118(2)(a), and (2) the waiver provisions of § 106(1) apply to public entities as opposed to public employees." ECF No. 302, p. 3.

However, the waiver of immunity referred to by Plaintiff in section 118(2)(a) that relates to section 106(1) is inapplicable here since Plaintiff currently is and was incarcerated resulting from a conviction. Pursuant to section 106(1.5), "[t]he waiver of sovereign immunity created in . . . [section 106(1)(b)] does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction . . . ." C.R.S. § 24-10-106(1.5). Moreover, even though section 106(1.5) further states that "and such correctional facility or jail shall be immune from

liability as set forth in" section 106(1), courts in this district have applied section 106(1.5) to claimants who have been convicted and incarcerated regardless of the defendant's status as a public entity or public employee. *See Garcia v. Chamjock*, 11-cv-00263, 2012 WL 638145, at *3 (D. Colo. February 27, 2012); *Montoya v. Newman*, No. 12-cv-2362, 2013 WL 4882392, at *5 (D. Colo. Sept. 11, 2013); *Whiteman v. El Paso Criminal Justice Ctr.*, No. 10-cv-02430, 2011 WL 2610202, at *10 (D. Colo. July 1, 2011). For these reasons and as set forth in the Recommendation, I agree that Defendants are immune under section 118(2)(a).

Plaintiff next argues in three short paragraphs that he also objects to the Recommendation on three grounds. First, Plaintiff takes issue with the Magistrate Judge's citation to section 108, entitled "sovereign immunity a bar," and incorporates his argument that sovereign immunity applies to entities and not employees. Second, Plaintiff asserts that "only a violation of the notification requirements of §[]24-10-109 creates a jurisdictional bar to suit which cannot be waived[]" and that section 118(2)(a) provides for immunity from liability and is not a bar to suit. ECF No. 302, p. 8. Finally, Plaintiff contends that Defendants' argument "for a certificate of review in order to maintain the negligence claims, rather than arguing that the claims could not stand, even with such a certificate, not only waived the defense of immunity, but equated to misconduct on behalf of defendants and warrants sanctions of some type." *Id.* Plaintiff explains that Defendants' vigorous argument that Plaintiff required a certificate of review caused "him to expend a great deal of time, energy, and money to obtain the certificate." *Id.* I find Plaintiff's arguments on these points unavailing. Defendants are entitled to sovereign immunity as aforementioned and sanctions are not warranted.

After carefully reviewing the record and relevant authority, I cannot conclude that Magistrate Judge Shaffer erred in his application of the CGIA and determining that summary judgment should be granted on Plaintiff's state law claims.   Based on my careful *de novo* review as required by 28 U.S.C. § 636(b), I find that Magistrate Judge Shaffer thoroughly analyzed Plaintiff's state law claims and correctly applied the legal standards applicable to the motion.   Accordingly, I overrule Plaintiff's objection finding his arguments to be unavailing.

      b.    <u>Defendants' Objection</u>

In their objection, Defendants argue that the Recommendation incorrectly analyzes Defendants' qualified immunity argument as it relates to Plaintiff's fourth claim asserting Eighth Amendment violations against King and Walsh.   In his Recommendation, Magistrate Judge Shaffer set forth a detailed and comprehensive analysis supporting his conclusion that genuine issues of material fact exist as to (1) "whether Plaintiff's symptoms as reported to . . . King should have alerted her to Plaintiff's serious medical need[;]" (2) "whether King had knowledge of Plaintiff's serious medical need once he arrived at the clinic[;]" and (3) "when Walsh was alerted to Plaintiff's condition, the extent of his delay in summoning the ambulance, and whether that delay equates to deliberate indifference."   ECF No. 298, pp. 17-18, 21-22.   He then recommended that Defendant's motion for summary judgment be denied in part on these grounds.

Defendants contend that "the Recommendation relied on evidence suggesting a mere disagreement in opinion regarding the type of medical treatment that was administered, which is insufficient to show a constitutional violation."   ECF No. 303, p. 4.

Defendants further contend that such a difference in opinion evidences negligence, which is not actionable under 42 U.S.C. § 1983.  *Id.*   For these reasons, Defendants assert that the Court should reject this portion of the Recommendation and enter summary judgment in their favor.

Turning to my analysis, Defendants King and Walsh contend that they are entitled to qualified immunity because the facts do not demonstrate that they acted with criminal recklessness and that a showing of negligence is not actionable.  "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right."  *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007).   "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Id.*   "If, on the other hand, a violation has been shown, the plaintiff must then show that the constitutional right was clearly established."  *Id.*

Plaintiff contends that King and Walsh violated the Eighth Amendment by providing him inadequate medical treatment for a heart attack upon his return from the FCF recreational yard on March 26, 2010.   "[T]he Eighth Amendment's ban on cruel and unusual punishment . . . [is violated if] 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'"  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).   The inadvertent failure to provide adequate medical care or allegations of a physician's negligence are not enough.  *Id.*   "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Id.*

"Deliberate indifference has both an objective and subjective component." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Under the objective component, "the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230. "The medical need must be sufficiently serious to satisfy the objective component." *Hunt*, 199 F.3d at 1224. "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.*

Under the subjective component, "the prison official must have a sufficiently culpable state of mind." *Self*, 439 F.3d at 1231. "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Id.* (internal quotation marks omitted). "As long as the prison physician 'provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met.'" *Heidtke v. Corr. Corp. of Am.*, 489 F. App'x 275, 280-81 (10th Cir. 2012). Moreover, "[a] difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under [42 U.S.C.] § 1983." *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Here, it appears that Defendants concede that Plaintiff's heart attack was a sufficiently serious medical need. *See generally* ECF No. 280, pp. 17-21. However, as explained below, I find that there are genuine issues of material fact regarding the subjective component of the Eighth Amendment analysis in relation to King and Walsh.

1. <u>Nurse King</u>

Plaintiff claims that King failed to perform her gatekeeper role by denying Plaintiff access to proper medical care. When King was first informed by Sergeant Hansen of Plaintiff's symptoms during a telephone call, Hansen reported that Plaintiff was experiencing tingling and heaviness in his arms, that he generally felt unwell, and that he had pushed himself harder in the yard. King attributed these symptoms to over-exertion. King reviewed Plaintiff's medical records and found that his medical history presented no red flags. Since Plaintiff's condition did not appear to constitute an emergency, King concluded that interrupting the facility count was not justified based on the symptoms presented. King suggested that Plaintiff rest and take fluids. She also indicated that Plaintiff should contact medical again if his condition had either not improved or worsened and that Plaintiff could be seen after the count had cleared. When Hansen contacted King again, Hansen informed her that Plaintiff's condition had not worsened or improved. Based on these facts, I agree with the Recommendation that there are genuine issues of material fact as to whether the symptoms that were reported to King should have alerted her of Plaintiff's serious medical condition.

Plaintiff concedes that at the time of his arrival at the clinic, King took his chart, put it on the counter, and relayed to the other clinic nurses that Plaintiff had a self-declared medical emergency and needed to be seen. Plaintiff also concedes that King was acting in the capacity of a gatekeeper. Plaintiff alleges, however, that King did not fulfill her role as gatekeeper because she refused to immediately facilitate medical assistance. Plaintiff asserts that after informing King that he thought he was having a heart attack, she told him that they were busy and to go sit and wait. Plaintiff states that he then waited for

20 minutes to be seen.   While King admits that reports of chest pain constitute an emergency, she asserts that when Plaintiff identified himself at the clinic he did not state that he was experiencing chest pains or a heart attack.   Based on these facts, I agree with the Recommendation that there are genuine issues of material fact as to whether King had knowledge of Plaintiff's serious medical need once he arrived at the clinic.

### 2. Physician's Assistant Walsh

Plaintiff alleges that Walsh was deliberately indifferent when he delayed dispatching an ambulance for 60 to 90 minutes despite evidence that Plaintiff was suffering from a heart attack.   Walsh states that approximately 20 to 30 minutes passed during which the nursing staff performed an initial examination of Plaintiff, determined that an EKG was necessary, administered the EKG and read the results, and located Walsh. Walsh asserts that once he was informed that Plaintiff needed his attention, he concluded within a few minutes after conducting his own initial examination that Plaintiff would potentially need further treatment that was unavailable at the clinic.   Walsh also asserts that he immediately informed the corrections officer that Walsh needed to be sent out emergently.   Walsh then began to treat Plaintiff's condition.   Plaintiff concedes that Walsh ordered an ambulance at some point, but contends that Walsh opted for a wait and see approach.   Plaintiff explains that after Walsh viewed the first EKG, Walsh waited to perform a second one, administered Nitroglycerin, and then decided that he should call an ambulance.

The ambulance arrived at 1:56 p.m. and the dispatch record indicates that the ambulance was requested at 1:45 p.m.   Plaintiff alleges that the ambulance ticket demonstrates that one hour passed between when Walsh ordered the ambulance and

- 9 -

when Walsh opined that Plaintiff was experiencing a heart attack after reading the first EKG.  Based on the facts before me, I agree with the Recommendation that there are genuine issues of material fact as to when Walsh was alerted to Plaintiff's condition, the extent of his delay in summoning the ambulance, and whether that delay equates to deliberate indifference.

After carefully reviewing the record and relevant authority, I cannot conclude that Magistrate Judge Shaffer erred in determining that summary judgment should be denied on Defendant's qualified immunity arguments.  Based on my careful *de novo* review as required by 28 U.S.C. § 636(b), I find that Magistrate Judge Shaffer thoroughly analyzed Defendants' claims and correctly applied the legal standards applicable to the motion.  Accordingly, I overrule Defendants' objection.

Finally, since the parties only objected to a portion of Magistrate Judge Shaffer's Recommendation, I review the balance of the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.  Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that it is thorough,

---

2 Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

- 10 -

well-reasoned, and sound.   I agree with Magistrate Judge Shaffer's conclusion that Plaintiff's claims against Defendants Harding and Hansa deceased, through his surviving spouse and successor, Weera-Anong Hansa, should be dismissed.

IV.     CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 298) is **AFFIRMED** and **ADOPTED**.   The parties' objections (ECF Nos. 302 and 303) are **OVERRULED**.   Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 280) is **GRANTED IN PART** and **DENIED IN PART**.   The motion is **GRANTED** to the extent that Plaintiff's state law claims are **DISMISSED**.   It is also **GRANTED** since Plaintiff's claims against Lieutenant James Harding and Dr. Michael Hansa deceased, through his surviving spouse and successor, Weera-Anong Hansa, are **DISMISSED**.   It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 280) is **DENIED** to the extent that Carol King and Michael Walsh request dismissal from the case based on qualified immunity.

Dated:   March 30, 2015.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE