IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00624-WYD-CBS

WAYNE GLASSER,

        Plaintiff,

v.

CAROLE KING, RN, and
MICHAEL WALSH, PA,

        Defendants.

---

RECOMMENDATION REGARDING PLAINTIFF'S REVISED MOTION TO AMEND
PRISONER COMPLAINT

---

Magistrate Judge Shaffer

This matter comes before the court on Plaintiff Wayne Glasser's "Revised Motion to Amend Prisoner Complaint" (Doc. 319), filed on May 11, 2015. This motion was referred to the Magistrate Judge pursuant to the Order of Reference (Doc. 320) dated May 11, 2015. This court has carefully considered the Revised Motion and related briefing, the entire case file, and applicable case law. For the following reasons, the court recommends that Plaintiff's Revised Motion to Amend be denied.

**BACKGROUND**

In this § 1983 action, Plaintiff Wayne Glasser, a *pro se* prisoner incarcerated at the Fremont Correctional Facility ("FCF") in Canon City, Colorado, alleges that he had a heart attack on March 26, 2010. Nearly two years later, on March 12, 2012, Plaintiff filed his original Complaint. (Doc. 1). In his original Complaint, Plaintiff named as Defendants the Colorado

Department of Corrections; Pueblo Cardiology Associates, PC; Correctional Health Partners; Carol King, R.N.; Michael Walsh, P.A.; Lt. James Harding; Health Service Administrator Lynn Erickson; Dr. Michael Hansa; Dr. Stephen MacKerrow; and Dr. Stephen Krebs. *Id.*

Plaintiff was directed to cure deficiencies in his original Complaint and on April 16, 2012, Plaintiff filed an Amended Complaint (Doc. 7), which added six additional Defendants: Tom Clements, Rae Timme, Ron Wager, Maj. Trevors Filer, Lt. Damian McDougal, and Anthony DeCesaro. *Id.* Thereafter, on August 9, 2012, Plaintiff filed a motion for leave to again amend his Complaint. (Doc. 76). The court granted the motion, and on September 5, 2012, Plaintiff's Second Amended Complaint was accepted for filing. (Doc. 98). This Complaint did not add any new Defendants. *Id.*

On December 19, 2013, Plaintiff deposed Officer Arthur Aranda and Sgt. Jennifer Hansen. These individuals, along with Lt. Jeri Aultman, were mentioned in the allegations of each version of Plaintiff's Complaint; however, they were never named as Defendants. (*See* Doc. 1 at ¶¶ 23-34; Doc. 7 at ¶¶ 21-25; Doc. 98 at ¶¶ 12-17). Indeed, Plaintiff's Complaints all alleged that — based on the facts known to Plaintiff — Officer Aranda, Sgt. Hansen, and Lt. Aultman had acted diligently in trying to get him medical attention. (Doc. 1 at ¶ 125; Doc. 7 at ¶ 61; Doc. 98 at ¶ 59).

Following the close of discovery, the CDOC Defendants filed a Motion for Summary Judgment. (Doc. 280). On January 14, 2015, this court recommended (Doc. 298) that Defendants' Motion be granted in part and denied in part. Judge Daniel adopted this court's recommendation and issued an order permitting Plaintiff's Eighth Amendment claims against Defendant King and Defendant Walsh to proceed. (Doc. 308).

On April 27, 2015 — over sixteen months after their depositions — Plaintiff requested permission to file a Third Amended Complaint that proposed to add Officer Aranda, Sgt. Hansen, and Lt. Aultman as defendants. (Doc. 313). At a Status Conference, held on May 5, 2015, this court discussed the fact that Plaintiff's proposed complaint was impermissibly attempting to revive claims that had been dismissed. The court informed Plaintiff that his Motion would be placed in abeyance pending a revised version of the Third Amended Complaint. (*See* Doc. 318).

Plaintiff then filed the Revised Motion and a revised Third Amended Complaint. (Doc. 319). In his Revised Motion, Plaintiff alleges that, during the depositions, he discovered that Officer Aranda, Sgt. Hansen, and Lt. Aultman had "failed to properly summon medical personnel which led to a delay" in the treatment of his heart attack. *Id*. The Defendants oppose Plaintiff's Motion to Amend and contend that Plaintiff's Motion should be denied because (1) it is untimely; (2) it does not relate back to the filing of the original Complaint; and (3) the new claims are barred by the statute of limitations. (Doc. 321).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, a court may deny a motion to amend if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Because Plaintiff is not an attorney, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). However, this court cannot act as a *pro se* litigant's advocate, *id.*, and *pro se* plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## ANALYSIS

In his Revised Motion, Plaintiff contends that his new claims are not barred by the statute of limitations because his cause of action did not accrue until he discovered the wrongdoing. (Doc. 319 at 3). In support of this argument he cites Colo .Rev. Stat. § 13-80-108(3), which states:

> A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence.

Plaintiff's reliance on this statute is problematic for two reasons. First, Plaintiff has not asserted a cause of action for fraud, misrepresentation, concealment, or deceit. Rather, his is a § 1983 action based upon an alleged violation of his Eighth Amendment rights. Thus, this statutory provision — like the cases that he cites for the same principle — is not controlling. Second, Plaintiff is relying on Colorado law to determine when his action accrued. Although Colorado law provides the limitations period for § 1983 actions (two years), it is federal law that controls the question of accrual. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987). "Section 1983 claims accrue, for the purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). It is undisputed in this case that

4

Plaintiff's heart attack — and the alleged actions of the Defendants and potential Defendants — occurred on March 26, 2010.

To the extent that Plaintiff is relying on equitable tolling — as a result of fraudulent concealment — the court is not persuaded that those principles apply here. Colorado allows for equitable tolling "only in situations in which the defendant has wrongfully impeded the plaintiff's ability to assert the claim, or in which truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Chilcott Entertainment L.L.C. v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996)). Plaintiff does not contend that "truly extraordinary circumstances" prevented him from bringing his claims earlier.[1] Rather, he seems to contend that Officer Aranda, Sgt. Hansen, and Lt. Aultman "wrongfully impeded" him from filing his claim by concealing the true nature of their actions.

"[T]o prove that the statute of limitations was tolled by a defendant's fraudulent concealment, a plaintiff must show that his ignorance of his cause of action was not the result of his lack of diligence, but was due to affirmative acts or active deceptions by the Defendant to conceal the facts giving rise to the claim." *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (citing *Baker v. Board of Regents*, 991 F.2d 628, 633 n.4 (10th Cir. 1993)). Here, aside from the bare assertion that these individuals attempted to mislead him, Plaintiff has not alleged any facts that would support a finding that Officer Aranda, Sgt. Hansen, and Lt. Aultman engaged in affirmative acts or active deceptions. Rather, the facts alleged suggest that Plaintiff's ignorance was due to his own lack of diligence. He inexplicably waited until the statute of limitations had nearly expired before filing his original Complaint.

---

[1] Indeed, there has been no explanation as to why Plaintiff waited nearly two years after his heart attack to file his original Complaint.

This, in turn, left him with no time to amend his Complaint once he had conducted his discovery. Therefore, the court finds that the statute of limitations was not tolled by fraudulent concealment.

Plaintiff also argues, in the alternative, that even if the statute of limitations has run, his claims are not time-barred because his Third Amended Complaint "should relate back to the filing of the original petition." Pursuant to Fed. R. Civ. P. 15(c), an amended complaint refers back to the filing of the original complaint when:

> The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff insists that Officer Aranda, Sgt. Hansen, and Lt. Aultman had notice of this action because, in his original Complaint, he stated that he might amend the complaint to add additional defendants. (*See* Doc. 319 at 4-5). For the sake of argument, the court accepts this proposition as true. This contention, however, ignores another requirement of Rule 15(c) — that Plaintiff made "a mistake concerning the property party's identity." The Tenth Circuit has been clear that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party.'" *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999)).

Here, Plaintiff did not make a mistake within the meaning of Rule 15(c) with regard to the identities of the parties he intended to sue. It is quite clear that he has known the identities of

Officer Aranda, Sgt. Hansen, and Lt. Aultman since the outset of the litigation. And he knew that they could potentially be named as defendants. Rather, Plaintiff's failure to name Officer Aranda, Sgt. Hansen, and Lt. Aultman as defendants was based on a lack of information. (*See* Doc. 319 at 3). Plaintiff admits that he simply did not discover the salient facts supporting liability until after the statute of limitations had expired. The relation-back provisions of Rule 15(c) were not designed to correct this type of problem. *See Graves v. General Ins. Corp.*, 412 F.2d 583, 584-85 (10th Cir. 1969) (distinguishing between misnomers and the addition or substitution of wholly new parties). Ultimately, Plaintiff seeks to initiate a new cause of action against new defendants, and permitting him to do so would "undermine the policy upon which the statute of limitations is based." *Graves*, 412 F.2d at 585.

## CONCLUSION

For the forgoing reasons, this court RECOMMENDS that Plaintiff's "Revised Motion to Amend Prisoner Complaint" (Doc. 319) be DENIED. The court further RECOMMENDS that Plaintiff's original "Motion to Amend Prisoner Complaint" (Doc. 313) be DENIED for the reasons stated herein and during the May 5, 2015 status conference (*See* Doc. 318).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of December, 2015.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge