IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-0624-WYD-CBS

WAYNE GLASSER,

    Plaintiff,

v.

CAROLE KING, RN.;
MICHAEL WALSH, PA,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Magistrate Judge Craig B. Shaffer's Recommendation Regarding Plaintiff's Revised Motion to Amend Prisoner Complaint (ECF No. 334) ("Recommendation"), issued on December 1, 2015, which is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Shaffer recommends that Plaintiff's motion to amend and file a third amended complaint be denied.  Plaintiff filed a similar motion to amend his second amended complaint at ECF No. 313, which Magistrate Judge Shaffer held in abeyance pending a revised version of the third amended complaint.  See ECF No. 318.  Plaintiff notes that his Objection to the Magistrate Judge's Recommendation pertains only to his motion to amend at ECF No. 319.  See Objection, ECF No. 338, p. 1.

Plaintiff is a *pro se* prisoner incarcerated at the Fremont Correctional Facility in Canon City, Colorado.  He filed this § 1983 action on March 12, 2012, claiming twenty-

1

two counts against various defendants in relation to the allegedly negligent medical treatment he received after he suffered a heart attack on March 26, 2010.  On April 16, 2012, Plaintiff filed an Amended Complaint, adding six additional defendants.  On August 9, 2012, Plaintiff filed a motion to further amend his complaint, which was granted, and the second amended complaint was filed on September 5, 2012.  On January 14, 2015, this Court adopted Magistrate Judge Shaffer's recommendation that a motion for summary judgment be granted in part and denied in part, allowing Plaintiff's Eighth Amendment claims against Defendants King and Walsh to proceed.  All other defendants were dismissed at that time.  Subsequently on April 27, 2015, Plaintiff requested permission to file a third amended complaint to add three new defendants – officers that he had deposed on December 19, 2013 (fifteen months earlier), but which were never added as defendants.  Magistrate Judge Shaffer notified Plaintiff that his request was impermissibly attempting to revive claims that had been dismissed through summary judgment.  Plaintiff then filed the current motion, ECF No. 319, and alleged that during the depositions of these three officers, he discovered that they had "failed to properly summon medical personnel which led to a delay" in his medical treatment.  Motion, ECF No. 319.

     Magistrate Judge Shaffer recommends that the Court deny Plaintiff's motion to file a third amended complaint because the new claims are barred by the statute of limitations, and because the new claims do not relate back to the filing of the original complaint.  Plaintiff argues that equitable tolling applies here based on fraudulent concealment because he alleges that he did not know about the three officers' roles until they were deposed in December of 2013.  Further, he argues that his new claims

2

do relate back to the original complaint and should be allowed to proceed.  I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

   "Section 1983 claims accrue, for the purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Magistrate Judge Shaffer states that the triggering event for the statute of limitations was the date of Plaintiff's heart attack – March 26, 2010.  Equitable tolling would only apply if the defendants had wrongfully impeded Plaintiff's ability to assert the claim, or if truly extraordinary circumstances prevented Plaintiff from filing his claim.  *See Chilcott Entertainment, LLC v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000).  Plaintiff has not sufficiently alleged that he was wrongfully impeded by the defendants, or that extraordinary circumstances existed that would have prevented the filing of the claim sooner.  In his Objection, Plaintiff argues that the triggering event was actually the deposition of these defendants in December of 2013, when he allegedly discovered inconsistencies in their accounts.  This is unpersuasive, however, because Plaintiff also states that prior to filing his original complaint, "[h]e had his suspicions [about the

involvement of the three officers], but nothing to substantiate them." Objection, ECF No. 338, p. 6. He also states that he consciously decided not to add these three defendants until after the disposition of the summary judgment motion as a strategic decision. *Id.* at 9. Plaintiff's intentional decision to wait to add these three defendants until April of 2015 was, by his own admission, a strategic choice. This is insufficient to toll the statute of limitations, which I find began to accrue at the time of Plaintiff's heart attack on March 26, 2010. Accordingly, I agree that the statute of limitations should not be equitably tolled to allow for a third amended complaint.

Even if the statute of limitations has not been tolled, Plaintiff argues that his claims should nevertheless relate back to his original complaint. Rule 15(c) of the Federal Rules of Civil Procedure states that an amendment to a pleading relates back when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Magistrate Judge Shaffer indicated that subsection C of the statute cannot be satisfied here because there was no "mistake" made as to the parties' proper identities.

4

Plaintiff knew from the time of the original complaint that these three officers were involved in the events that took place.  Even Plaintiff's allegation that he noted in his original complaint that he might add an additional defendant later is not sufficient to meet this subsection.  The Tenth Circuit has held that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party.'"  *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (citations omitted). Plaintiff argues that Rule 15(c) is a disjunctive statute, and that satisfying any one of the three subsections allows for relation back.  He argues that under subsection B, he is attempting to add a new claim that arises out of the events set out in his original complaint.  However, this subsection refers to a new claim, not new defendants.  It is subsection C that concerns the addition of new defendants.  Plaintiff may be asserting a new claim, but the essence of what he seeks to do is add new defendants, and to incorporate by reference the claims already made against existing defendants.

      Focusing then only on subsection C, Plaintiff argues that his misunderstanding of the role that these three officers played in the events that took place surrounding his heart attack should be interpreted as a mistake, satisfying subsection C.  He cites to a non-binding decision out of the Northern District of Oklahoma where the court found that a plaintiff's addition of defendants related back to the original complaint because the plaintiff had learned of their involvement only after the expiration of the statute of limitations.  *See Estate of Gonzales v. Brown*, 2014 U.S. Dist. LEXIS 133346, at *19 (N.D. Okla. 2014).  That is not the case here, however.  Here, Plaintiff admits that he had suspicions about the three officers' involvement at the time he filed the complaint, but he chose not to add them as defendants at that time, or at the time of his second

amended complaint in September of 2012, or even after he deposed them in December of 2013. Plaintiff also argues that the Supreme Court's decision in *Krupski v. Costa Crociere*, 560 U.S. 538 (2010) stands for the proposition that when a plaintiff knows of a party's existence but misunderstands that party's role in the events giving rise to the plaintiff's claims, that should be interpreted as a mistake, satisfying subsection C. Plaintiff argues that this was the case here, and that he did not fully understand the three proposed defendants' roles until they were deposed in December of 2013. However, the Court in *Krupski* noted that when a plaintiff makes a deliberate choice to sue one party over another, this is "the antithesis of making a mistake concerning the proper party's identity." *Id.* at 549. Here, Plaintiff made that deliberate choice, that strategic choice, to not include the three officers as defendants in any of his pleadings, including the time leading up to the disposition of the summary judgment motion. I am not persuaded that Plaintiff "harbored a misunderstanding" about the role of these officers and that he "mistakenly chose to sue only medical staff based on that mis-impression." Objection, ECF No. 338, p. 14. I find that Plaintiff's claims do not relate back to the filing of his original complaint.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. Accordingly, it is

ORDERED that the Recommendation Regarding Plaintiff's Revised Motion to Amend Prisoner Complaint (ECF No. 334) is **AFFIRMED and ADOPTED**. It is

FURTHER ORDERED that Plaintiff's Revised Motion to Amend Prisoner Complaint (ECF No. 319) be **DENIED**. Additionally, Plaintiff's Motion to Amend Prisoner Complaint (ECF No. 313) is **DENIED**.

Dated: March 31, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge